*333 The opinion of the Court was delivered by
Wardlaw, J.
Under the leave of amendment granted to them the plaintiffs (J. H. Barry, Samuel D. Carothers and Andrew J. Gingles, partners trading under the style of J. H. Barry & Co.) added a count, wherein it was alleged, that the plaintiffs, in a County Court of North-Carolina, recovered judgment against the defendant, John H. Carothers — the said plaintiffs being therein called James H. Barry, S. D. Carothers and Samuel Gingles j of whom the person therein called S. D. Carothers, is the same person who in this action is called and known as Samuel D. Carothers; and the person therein called Samuel Gingles, is the same who is herein called and known as Andrew J. Gingles; to which a separate and distinct averment was subjoined, that the plaintiffs herein truly named, are the same persons called in the said judgment by the names of James H. Barry, S. D. Carothers and Samuel Gingles.
The judgment is found, upon inspection, to be exactly conformable to the description of it contained in the count — there is, then, no variance, and upon nul tiel record, the only plea, the plaintiffs must prevail. If the defendant desired to deny the identity of the plaintiffs with the persons who recovered the judgment, he should have traversed the averment of identity. If he meant to insist that the averment could not reconcile the apparent disagreement between the plaintiffs in this action and the persons who recovered the former judgment, he might have demurred : He however moved a non-suit for variance, thereby in effect contending, that the averment, (although its truth was established,) was insufficient to overcome the discrepancy of names. A name is however but the designation of an individual. When it is proved that the individual here is the same who was there, a seeming diversity has been removed, which arose from a difference of the names given to him at the two places. The judgment in North-Carolina establishes the defendant’s indebtedness to the plaintiffs in that judgment; — no death, assignment, nor other change, supervening that judgment, could be shown by the plaintiffs here, to maintain their *334 action ; and if proof under proper allegations, that they in fact were the persons who recovered that judgment, should be held not to suffice for the plaintiffs here, the result would be, that the defendant, in an action on a judgment, would make an impenetrable shield of a misnomer, which he waived in the first action when he failed to plead it in abatement.
The motion is dismissed.
O’Neall, Fjrost, WhitNer and Glover, JJ., concurred.

Motion dismissed.